**ITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR TWO GOOGLE APPLICATIONS SERVICED BY GOOGLE LLC** | ML No. 20-1239 |

*Reference:   DOJ Ref. # CRM-182-71133; Subject Accounts: play.google.com/store/apps/details?id=com.borsistanbul.mobil and play.google.com/store/apps/details?id=com.borsaistanbul.mobile*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty on Extradition and Mutual Assistance in Criminal Matters between the United States of America and the Republic of Turkey, Turk.-U.S., June 7, 1979, 32 U.S.T. 3111 (hereinafter, the "Treaty"), to execute a request from the Republic of Turkey ("Turkey"). The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with **play.google.com/store/apps/details?id=com.borsistanbul.mobil** and **play.google.com/store/apps/details?id=com.borsaistanbul.mobile**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and

other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.	PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.	Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Treaty art. 25(4) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.	Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Turkey's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Turkey in connection with a criminal investigation and/or prosecution.

4.         A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### RELEVANT FACTS

5.         Authorities in Turkey are investigating an unknown suspect(s) for a trademark infringement offense, which occurred from August 6, 2018, to September 14, 2018, in violation of the criminal law of Turkey, specifically, Article 30 of the Turkish Industrial Property Code.  A copy of the applicable law is appended to this application.  The United States, through the Office of International Affairs, received a request from Turkey to provide the requested records

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

to assist in the criminal investigation and/or prosecution. Under the Treaty, the United States is obligated to render assistance in response to the request.

6. According to authorities in Turkey, on or about August 6, 2018, an unknown person(s) (the "Suspect") published an application ("app") for use on mobile telephones online at the Google Play Store. The app used the name of the sole stock exchange entity of Turkey (the "Victim").

7. The Suspect's app displayed the Victim's trademark, logo, app screenshots, and app description. The Suspect's app link was **play.google.com/store/apps/details?id=com.borsistanbul.mobil**, which only slightly differed from the Victim's official app link.

8. On or about August 28, 2018, the Suspect published another app online at the Google Play Store. This app again used the Victim's official name, trademark, logo, app screenshots, and app description, but utilized the link **play.google.com/store/apps/details?id=com.borsaistanbul.mobile**, which also slightly differed from the Victim's official app link.

9. When users downloaded either of the Suspect's apps, they were asked to grant the app various permissions such as access to the users' phone SD card information, SD card read, write, and delete permissions, as well as access to the users' network connections.

10. Once a user granted either of the Suspect's apps the requested permissions, the apps did not open, but instead directed the user to the link for downloading the Victim's official app.

11. On August 16, 2018, and September 14, 2018, the Victim's attorney filed complaints with police. The Victim's attorney explained that the Suspect's two apps used the

4

Victim's trademark without the Victim's permission.  The Victim's attorney also provided Turkish authorities with proof that the Victim's trademark subject was registered with the Turkish Patent and Trademark office on May 21, 2014.

12. The Victim's attorney provided documentation showing that the Victim's official mobile app was published on March 2, 2018, on the Google Play Store and utilized a link that differs only by a few characters from the Suspect's two app links.

13. The Victim's attorney told Turkish authorities that the Victim's app does not request any permissions from individuals or access to individuals' SD card or network connections upon downloading or in order to use the app.

14. Authorities in Turkey seek records associated with the Google apps **play.google.com/store/apps/details?id=com.borsistanbul.mobil** and **play.google.com/store/apps/details?id=com.borsaistanbul.mobile**, to help identify and locate the perpetrator(s) of this trademark infringement.

15. PROVIDER services the apps **play.google.com/store/apps/details?id=com.borsistanbul.mobil** and **play.google.com/store/apps/details?id=com.borsaistanbul.mobile**.

## REQUEST FOR ORDER

16. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Turkey identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

                Respectfully submitted,

                VAUGHN A. ARY
                DIRECTOR
                OFFICE OF INTERNATIONAL AFFAIRS
                OK Bar Number 12199

By: /s/ Alex B. Mitchell
    Alex B. Mitchell
    Trial Attorney
    DC Bar Number 1010731
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W., Suite 800
    Washington, D.C.  20530
    (202) 616-3461 telephone
    (202) 514-0080 facsimile
    Alex.Mitchell@usdoj.gov

## **Relevant Provision of the Turkish Industrial Property Code**

**Article 30**

Those who produce the goods or render the services, expose them for sale or sell, import or export, purchase, keep, transfer or store such goods for commercial purposes by infringing the rights of the trademark holder through excerption and confusion, shall be sentenced to imprisonment from one year to three years and pay a judicial fine up to twenty thousand days.